ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JAY H. SHAH 2004 FBO TRUST, SHANTANU                      Case No.: 24-cv-7954
ROYCHOWDHURY, SANDEEP ALVA, NHM2012
HOLDINGS LLC, RAHUL RANA and SANDEEP           COMPLAINT AND
MATHRANI,                                                                      JURY DEMAND

Plaintiffs,

-against-

GEORGE HALL and SPORT-BLX SECURITIES, INC.,

Defendants.
-----------------------------------------------------------------------X

Plaintiffs, Jay H. Shah 2004 FBO Trust, Shantanu Roychowdhury, Sandeep Alva,

NHM2012 Holdings LLC, Rahul Rana, Sandeep Mathrani, through their attorney, Alex M.

Dudelson, for their Complaint against George Hall ("Hall" or "Founder") and Sport-BLX

Securities Inc ("S-BLX Securities"), allege as follows:

INTRODUCTION

1.       Plaintiffs bring this civil action pursuant to Section 10(b) of the Securities

Exchange Act of 1934, Rule 10(b)-5, codified at 17 C.F.R. § 240.10b-5, and for

various violations of state law, including fraudulent inducement, breach of

contract, breach of fiduciary duty, shareholder oppression, and unjust

enrichment, to redress defendants' fraudulent and other wrongful conduct in

connection with plaintiffs' investments in S-BLX Securities.

1

2.      Defendant Hall induced plaintiffs to invest in S-BLX Securities, through a series of fraudulent misrepresentations and material omissions—both orally and in writing—concerning, among other things: (i) the failure to disclose that Hall founded and raised significant funds for a prior company, Sport-BLX Inc. ("Sport-BLX"), with a similar name and the exact same business plan; (ii) S-BLX Securities' purported contracts with professional athletes; and (iii) the use of plaintiffs' investment proceeds.

3.      To induce plaintiffs' investments, Hall knowingly provided marketing materials and pitch decks for his prior company, Sport-BLX, claiming that the materials were instead for S-BLX Securities.

4.      Hall informed plaintiffs, that S-BLX Securities Inc. was in contract with one professional athlete and that a contract with a second professional was imminent when, in fact, defendants did not have any contracts in place with any athletes.

5.      In February 2022, just two months after plaintiffs made their investments, plaintiffs, on their own accord, learned that the website for S-BLX Securities was down.

6.      They contacted Hall who informed them that the company would be unable to move forward as planned because of a lawsuit filed against him by a prior investor.

7.      Plaintiffs immediately requested the return of their investments from Hall who agreed.

8.    However, Hall returned only 10% of plaintiffs investments and has not responded to their subsequent requests for the remainder of their investments nor have defendants provided any information about the company.

9.    Notably, Hall founded and raised millions of dollars for other companies pitching the exact same purported business plan both prior to and after plaintiffs made their investments.

10.    None of these companies are operating in any meaningful manner.

JURISDICTION AND VENUE

11.    The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

12.    Venue is proper pursuant to 28 U.S.C. § 1391 in that defendants are located in this District and/or many of the acts complained of occurred here.

13.    Plaintiffs are entitled to a jury trial.

THE PARTIES

14.    Jay H. Shah 2004 FBO Trust is an irrevocable trust formed in Pennsylvania.

15.    Shantanu Roychowdhury is a natural person residing in the State of Pennsylvania, County of Philadelphia.

16.    Sandeep Alva is a natural person and is the managing member of NHM2012 Holdings LLC.

17.    NHM2012 Holdings LLC is an active Delaware limited liability company.

18.    Rahul Rana is a natural person residing in the State of New York, County of New York.

3

19.     Sandeep Mathrani is a natural person residing in the State of Florida, County of Palm Beach.

20.     George Hall is the founder of defendant Sport-BLX Securities Inc.

21.     Defendant Sport-BLX Securities Inc. is a private corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 411 East 57th Street, Suite 1A, New York, New York, 10022. Defendant Hall is the founder and majority shareholder of S-BLX Securities.  According to its public filings, S-BLX Securities is in the business of using a sports-based alternative asset trading program to market investors buying and selling such assets.

## FACTUAL ALLEGATIONS

22.     S-BLX Securities, Inc. was formed by George Hall on April 1, 2020 with a purported business plan to create a "new economy" in sports by using its newly created technology to "tokenize" sport assets, such as professional athletes in name, image and likeness, dividing such assets into tradeable, fungible units to be purchased and traded by fans and investors.

23.     Notably, George Hall had previously formed and raised millions of dollars for a similarly named but different company, S-BLX Inc. with the exact same business plan.

24.     Hall did not disclose to plaintiffs any details of this previously formed company even though it was formed with the exact same business plan.

25.     Moreover, Hall took advantage of the similarly named prior company and used the exact same pitch materials from Sport-BLX to induce plaintiffs investment in Sport-BLX Securities Inc.

26.     Additionally, Hall represented to plaintiffs that S-BLX Securities was already in contract with a professional athlete and was on the verge of signing two others when in fact, no such contracts were in place.

27.     Finally, Hall informed plaintiffs that their investment proceeds would be used solely to sign new athletes.

28.     In November and December of 2021, based on the above-described fraudulent representations made by Hall, plaintiffs entered into separate written agreements with Hall and S-BLX Securities concerning the purchase of common stock in the Company.

29.     In total, plaintiffs purchased over 50,000 shares at $20.00 per share for a total investment of $1,000,000.00.

30.     Plaintiffs were issued stock certificates evidencing their ownership interests in S-BLX Securities.

31.     Just two months later, however, in February 2022, plaintiffs learned that the website for S-BLX Securities was down.

32.     Plaintiff's immediately contacted Hall for status who informed them that the S-BLX Securities was unable to continue as planned due to a lawsuit filed by a prior investor.

33.     Hall did not explain how the lawsuit prohibited the company from operating.

34.    Instead, Hall informed plaintiffs that the company was pursuing an entirely new business plan.

35.    Plaintiffs informed Hall that they invested in the Company based on the original business plan that he originally represented to them, were not comfortable with an entirely new plan so soon after making their investments, and requested the return of their investments.

36.    Hall promised to return plaintiffs' investments in full but instead only returned ten percent (10%) of their investments.

37.    Plaintiffs have made repeated requests to Hall for more information on the status of S-BLX Securities, as well as how the company used their investment proceeds and the return of the remainder of their investments.

38.    Hall did not respond to plaintiffs' repeated requests and ceased all communications with plaintiffs as of July 2023.

39.    Despite numerous requests, plaintiffs have not received any information financial or otherwise about S-BLX Securities.

40.    Plaintiffs have not received K-1 tax statements or any information regarding the Company's taxes.

41.    Upon information and belief, Hall is raising money for and acting as chairman of a third company, Xchange Place Capital LLC, which purportedly has the exact same business plan as his other companies, S-BLX Securities and Sport-BLX.

**COUNT ONE**
**Violation of Section 10(b) of the Securities and Exchange Act of 1934 and**
**Rule 10b-5 (17 C.F.R. § 240.10b-5) – Against Hall and S-BLX Securities**

42.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs of this complaint as though they are set forth at length herein.

43.     This is a claim for damages against George Hall and S-BLX Securities for violating Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5.

44.     Hall, individually and on behalf of S-BLX Securities, made material misrepresentations and omissions to induce plaintiffs to invest in securities (*i.e.*, S-BLX Securities stock) causing plaintiffs to suffer substantial injury and damages.

45.     Pursuant to 17 C.F.R. § 240.10b-5, it is "unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5.

46.     To state a claim for violation of the Securities Exchange Act § 10(b), a plaintiff must allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the

purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Charles Schwab Corporation v. Bank of America Corporation*, 883 F.3d 68, 92 (2d Cir. 2018); *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014) (internal quotation marks omitted).

47.   Scienter is "'a mental state embracing intent to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007); quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193-194 (1976).

48.   Hall, individually and on behalf of S-BLX Securities, induced plaintiffs to invest in S-BLX Securities stock by making material misrepresentations about the Company's business plan and use of investment proceeds and made material omissions about Hall's prior company, Sport-BLX. Specifically, Hall falsely represented that the company had contracts in place with professional athletes. Additionally, Hall did not disclose that he founded a prior company with the exact same business plan. These false representations and omissions induced plaintiffs to invest were made by Hall during numerous meetings, telephone calls and emails occurring in October and November 2021.

49.   When he made these false representation and material omissions, Hall and S-BLX Securities had a motive to deceive plaintiffs in order to obtain a $1,000,000.00 investment.

50.   Hall and S-BLX Securities knew that representations of existing contracts with professional athletes was false at the time it was made, as evidenced by the fact

that they essentially went out of business two months after plaintiff's investment.

51.    Hall and S-BLX Securities knew that the non-disclosure of the previously formed company S-BLX Inc. was a material omission.

52.    Hall and S-BLX Securities made these false representations and material omissions for the purpose of inducing plaintiffs to reasonably rely on the representation and purchase shares of S-BLX Securities, so that the investment proceeds could be controlled by Hall or otherwise used for his own benefit.

53.    When they made this false representation, Hall and S-BLX Securities had a motive to deceive plaintiffs in order to obtain a $1,000,000.00 investment from plaintiffs.

54.    Hall and S-BLX Securities made this materially false representation for the purpose of inducing plaintiffs to reasonably rely on the representation and purchase shares of S-BLX Securities.

55.    Plaintiffs reasonably relied on each of these misrepresentations in deciding to invest in S-BLX Securities.

56.    Plaintiffs would not have invested in S-BLX Securities but for the above-described misrepresentations and omissions.

57.    Hall and S-BLX Securities had superior information about S-BLX Securities and its business plans and plaintiffs relied on Hall and S-BLX Securities to make truthful representations about S-BLX Securities.

58.  Plaintiffs suffered monetary damages as the result of the misrepresentations and omissions made by Hall, including the amounts plaintiffs invested in S-BLX Securities and loss of anticipated revenue.

59.  Hall acted with scienter, as each had the motive and opportunity to engage in this scheme, because of their domination and control over S-BLX Securities.

60.  This unlawful conduct was undertaken in connection with the purchase and sale of S-BLX Securities stock.

61.  By virtue of the foregoing, defendants violated Exchange Act Section 10(b) and Rule 10b-5, and, as a direct and proximate result of defendants' wrongful conduct, plaintiffs have suffered and continues to suffer irreparable harm and damages.

## COUNT TWO
### Breach of the Covenant of Good Faith and Fair Dealing – Against Hall and S-BLX Inc.

62.  Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

63.  As a party to a contractual relationship, Hall and S-BLX Securities owed plaintiffs an implied duty of good faith and fair dealing.

64.  The implied duty of good faith and fair dealing provides that each party to a contractual relationship will not do anything that will deprive the other parties of the benefits of their bargain, and a breach of this duty gives rise to an action for damages.

65.    Hall and S-BLX Securities precluded plaintiffs from realizing the full benefit of its bargain under the Common Stock Purchase Agreements by siphoning plaintiffs' investment proceeds for their own illegitimate purposes.

66.    As a result of Hall and S-BLX Securities breach of the implied covenant of good faith and fair dealing, plaintiffs have suffered and continue to suffer irreparable harm and damages.

## COUNT THREE
## Fraud in the Inducement – Against Hall and S-BLX Securities

67.    Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

68.    Hall and S-BLX Securities willfully, intentionally, and maliciously deceived and defrauded plaintiffs.

69.    With full knowledge of the falsity of their representations when made, among other material misrepresentations and omissions, Hall and S-BLX Securities purposefully and intentionally made misrepresentations to plaintiffs concerning the status of the company, the purported contracts with professional athletes and the use of plaintiffs' investment proceeds.

70.    Further, the non-disclosure of Hall's previously formed company, S-BLX Inc. in which Hall raised millions of dollars from other investors with the promise of the same business plan was a material omission purposely and intentionally made by Hall and S-BLX Securities.

71.    At the time that they made those misrepresentations and omissions, Hall and S-BLX Securities actually knew that they were intentionally misstating relevant

11

information that was of vital importance to plaintiffs in connection with its decision to enter into the Stock Purchase Agreements and invest $1,000,000.00 with defendants.

72.  The omissions and representations made by Hall and S-BLX Securities are separate and apart from the Hall and S-BLX Securities' obligations under the stock purchase agreements and relate solely to Hall and S-BLX Securities' attempts to induce plaintiffs to enter into the stock purchase agreements.

73.  Hall and S-BLX Securities intended for plaintiffs to rely upon those misrepresentations and omissions, as a means by which to deceptively and fraudulently induce plaintiffs to purchase shares of stock in S-BLX Securities and enter into the stock purchase agreements, and as a result of Hall's and S-BLX Securities' misrepresentations and omissions, plaintiffs entered into these agreements and invested approximately $1,000,000.00 in S-BLX Securities.

74.  Absent the material misrepresentations and omissions, plaintiffs would never have entered into the stock purchase agreements or purchased any shares in S-BLX Securities.

75.  As a direct and proximate result of Hall and S-BLX Securities' misrepresentations and omissions, plaintiffs have suffered damages.

76.  Hall's and S-BLX Securities' conduct was malicious, intentional and outrageous and warrants the imposition of punitive damages.

**COUNT FOUR**
**Negligent Misrepresentation – Against Hall and S-BLX Securities**

77.    Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs of this complaint as though they are set forth at length herein.

78.    Hall negligently or carelessly, made, or permitted, or participated in the making of misrepresentations and/or omissions of material fact to plaintiffs, *to wit*, information relating to plaintiffs' investments in S-BLX Securities as detailed above.

79.    Hall knew that plaintiffs would rely upon the accuracy and truth of the representations and/or omissions of material fact made by Hall and S-BLX Securities.

80.    Hall and S-BLX Securities possessed superior information about S-BLX Securities and had a special relationship with plaintiffs which gave rise to a duty of care to provide plaintiffs with accurate information concerning their investments.

81.    As a direct, proximate and reasonably foreseeable result of the misrepresentations and/or omissions of material fact of Hall and S-BLX Securities, plaintiffs have suffered and continues to suffer damages.

## COUNT FIVE
## Breach of Fiduciary Duty – Against Hall

82.    Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs of this complaint as though they are set forth at length herein.

83.     Hall as the founder of S-BLX Securities and member of the S-BLX Securities

Board of Directors and/or as officers or those in control of S-BLX Securities

owed and owe a fiduciary duty of care and loyalty to plaintiffs.

84.     By reason of the foregoing unlawful conduct, Hall has breached his fiduciary

duty.

85.     As a direct and proximate result of Hall's breach of fiduciary duty, plaintiffs

have suffered and continue to suffer irreparable harm and damages.

## COUNT SIX
### Unjust Enrichment – Against George Hall

86.     Plaintiffs incorporate by reference each of the allegations set forth in the

preceding paragraphs of this complaint as though they are set forth at length

herein.

87.     Based upon the foregoing factual allegations, Hall has been and continues to be

unjustly enriched with respect to their unlawful conduct in connection with his

business relationship with plaintiffs.

88.     Hall was unjustly enriched to plaintiffs' detriment when he purposefully created

multiple entities such as S-BLX Inc., S-BLX Securities and Xchange Place

Capital LLC and used them to raise significant funds from unwitting investors.

89.     As a direct and proximate result of Hall's unjust enrichment, plaintiffs have

suffered and will continue to suffer irreparable harm and damages.

### PLAINTIFFS DEMAND TRIAL BY JURY

WHEREFORE, plaintiffs respectfully requests that this Court enter judgment in

its favor and against Hall and S-BLX Securities., and provide the following relief:

   a)    Compensatory damages, incidental damages, and consequential damages on each of the causes of action;

   b)    Costs, interest, and reasonable attorneys' fees;

   c)    Prejudgment and post-judgment interest; and

   d)    Such other relief as the Court deems just and equitable

Dated:    Brooklyn, New York
          October18, 2024

                              /s/ *Alexander Dudelson*
                              ALEXANDER M. DUDELSON (AD4809)
                              *Attorney for Plaintiffs*
                              26 Court Street – Suite 2306
                              Brooklyn, New York 11242
                              (718) 855-5100

15